UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-05773-CAS(AJWx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. TERRY BRIAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO REMAND (filed August 21, 2015, dkt. 10)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of September 28, 2015, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On May 26, 2015, plaintiff Federal National Mortgage Association filed an unlawful detainer action (the "underlying unlawful detainer action") in the Los Angeles County Superior Court against *pro se* defendant Terry Brian ("defendant"), and Does 1-10, inclusive. Dkt. 1. On July 30, 2015, defendants filed a notice of removal to this court on the basis of federal question jurisdiction. Id. In the notice of removal, defendants contend that federal questions exist because plaintiff's notice to vacate the subject property in the underlying unlawful detainer action "failed to comply with The Protecting Tenants at Foreclosure Act," 12 U.S.C. § 5220 ("PTFA"). Notice of Removal at ¶ 8.

On August 21, 2015, plaintiff filed the instant motion to remand this case to state court, dkt. 10, along with a request for judicial notice ("RJN"), dkt. 11.[1] Defendants did

---

[1] Plaintiff requests that the Court take judicial notice of the following seven documents, which plaintiff avers were all publicly filed in the Los Angeles County Superior Court or in the Los Angeles County Recorder's Office: (1) Trustee's Deed Upon Sale recorded in the Los Angeles County Recorder's Office as document no.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-05773-CAS(AJWx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. TERRY BRIAN, ET AL. | | |

not file an opposition to plaintiff's motion.  On September 16, 2015, plaintiff filed a notice of non-opposition.  Dkt. 16.  The Court finds and concludes as follows.

## II.    LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  See 28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. CV 10–01893, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## III.   DISCUSSION

As an initial matter, defendants have not filed an opposition to plaintiff's motion to remand.  Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed

---

20150072684; (2) Notice for Possession and Proof of Service (dated February 18, 2015); (3) the complaint in the underlying unlawful detainer action, dated May 26, 2015; (4) the proof of service of summons and complaint in the underlying unlawful detainer action, indicating that May 30, 2015 was the date of service; (5) a motion to quash in the underlying unlawful detainer action, dated June 10, 2015; (6) a ruling on defendants' demurrer in the underlying unlawful detainer action, dated August 4, 2015; and (7) the answer filed in the unlawful detainer action, dated July 27, 2015.  The Court grants plaintiff's request as to documents 1, 3, 4, 5, 6, and 7, which are in the public record and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-05773-CAS(AJWx) | Date | September 24, 2015 |
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. TERRY BRIAN, ET AL. | | |

consent to the granting of the motion. In addition, defendants' notice of removal was not timely filed. Pursuant to 28 U.S.C. § 1446(b), defendants must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal. If defendants' removal notice fails to meet the procedural requirements of § 1446(b), the Court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). This action was commenced on May 26, 2015, and the complaint was served on defendants on May 30, 2015. RJN, Ex. 4. However, defendants' notice of removal was not filed until July 30, 2015, more than 30 days after defendants were served with the complaint. See Dkt. 1. Remand is appropriate on this ground alone.

Furthermore, the Court lacks subject matter jurisdiction. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). In addition, "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, No. 1:11-cv-01225, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, No. CV 11-3979, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or anticipated defenses to a notice of removal must fail. See Benefit Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Unlawful detainer actions, as stated above, are pure matters of state law because they arise under Section 1161 of the California Code of Civil Procedure. See, e.g., McGee v. Seagraves, No. 06-CV-0495, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006). This Court does not have federal question jurisdiction over an action where a "right or immunity created by the Constitution or laws of the United States" does not constitute an essential element of plaintiff's cause of action. See Cal. Shock Trauma, 636 F.3d at 542; McGee, 2006 WL 2014142, at *2 (holding that a federal court lacks jurisdiction over unlawful detainer actions). Here, the only claim asserted by plaintiff is for unlawful detainer. See Notice of Removal. Even if defendants were to assert counterclaims against plaintiff, defendants cannot create federal subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-05773-CAS(AJWx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. TERRY BRIAN, ET AL. | | |

jurisdiction by attempting to raise a defense under the PTFA, any other federal law, or the United States Constitution . See Anderson, 539 U.S. at 6. Accordingly, this Court lacks subject matter jurisdiction based on a federal question and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

### IV. CONCLUSION

In accordance with the foregoing, this case is hereby **REMANDED** to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |